IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION

| | |
|---|---|
| IN RE:<br><br>Diane Celeste Shachove,<br><br>　　　　　　　　　　　Debtor. | CHAPTER 7<br>CASE NO.: 3:15-bk-30012-MFW<br><br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY |

　　　　NOW COMES JPMorgan Chase Bank, National Association ("Movant"), by and through its undersigned counsel, and moves this Court, pursuant to 11 U.S.C. §362(d), for relief from or conditioning of, the automatic stay in bankruptcy.  In addition, Movant requests relief pursuant to 11 U.S.C. §362(d)(4) seeking *in rem* relief rendering the automatic stay inapplicable with respect to certain real property of the Debtor having an address of 6716 Spearwood, Live Oak, Texas 78233 (the "Subject Property").  In support of the foregoing Motion, Movant would show the Court the following:

　　　　1.　　　　This Court has jurisdiction of this proceedings under 28 U.S.C. §157(b)(2)(G).

　　　　2.　　　　Debtor filed for relief under Chapter 7 of the U.S. Bankruptcy Code on August 29, 2015.

　　　　3.　　　　Movant is the holder of a note (the "Note") given by the Arthur Steven Reyna and Maria C. Reyna, which Note is secured by a Deed of Trust on the Subject Property.

　　　　4.　　　　Upon information and belief, Debtor is not related to Arthur Steven Reyna or Maria C. Reyna.

　　　　5.　　　　Upon information and belief, the Loan is contractually due for the January 1, 2012 installment and the subsequent months thereafter.

　　　　6.　　　　A copy of the Note and Deed of Trust are attached as Exhibits "A" and "B".  A copy of the Corporate Assignment of Deed of Trust is attached as Exhibit "C".

7. On September 4, 2012, the Auburn Hill at Woodcrest Homeowners' Association ("HOA") acquired the Property by way of a Trustee's Deed Following Foreclosure. The HOA acquired the Subject Property to Movant's superior lien. Thereafter, the HOA conveyed the Subject Property to 6716 Spearwood Trust "subject to all mortgages, liens and encumbrances of record."

8. Once 6716 Spearwood Trust acquired the Subject Property, it began a course frivolous filings and fraudulent conveyances of the Subject Property for the sole purpose of delaying Movant's state court remedies and/or tying up the Subject Property in active bankruptcy proceedings. Movant craves reference to *6716 Spearwood Trust v. JPMorgan Chase Bank, N.A.*, Civil Action No. 5:15-cv-0113-FB (W.D. Tex. 2015), for an example of the frivolous litigation engaged in by 6716 Spearwood Trust as it relates to the Subject Property. In addition, Movant craves reference to *In re Pacific Standard Holdings*, Case No. 15-40039-BTR (Bankr. E.D. Tex. 2015), where the Bankruptcy Court previously granted Movant *in rem* relief as to the Subject Property.

9. By Special Warranty Deed dated February 6, 2017 and recorded May 1, 2017, 6716 Spearwood Trust conveyed a five (5%) percent interest in the Subject Property to Debtor, Diane Celeste Shachove. A copy of the Special Warranty Deed is attached as Exhibit "D". There is no evidence to suggest that Diane Celese Shachove is a willing participant in this fraudulent scheme of transfers. Rather, it appears that Ann Smith, who purports to be the Trustee of the 6716 Spearwood Trust, is conveying the Subject Property into active bankruptcy proceedings in order to invoke the automatic stay.

10. The Subject Property was scheduled to be sold pursuant to a Notice of [Substitute] Trustee's Sale on May 2, 2017.

11. Movant does not have, and has not been, offered adequate protection for its security interest in its collateral.

12. Cause exists for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) based on the conveyance described in Paragraph 7. This conveyance is part of a scheme to delay, hinder or defraud Movant from exercising its state court rights and remedies against the Subject Property.

13. Movant is informed and believes that there is no adequate protection for its mortgage lien and that the automatic stay of §362 of the Bankruptcy Code should be modified as to the Subject Property to allow Movant or its assigns to continue the foreclosure process in accordance with Texas Law.

14. Movant is informed and believes that the Debtor does not have any equity in the Subject Property.

15. In the alternative, Movant requests the Court issue an order providing that the Subject Property is not part of the Chapter 7 Bankruptcy Estate since the conveyance occurred more than 180 days after the petition date.

16. FRBP 4001(a)(3) should not apply under these circumstances.

17. Movant agrees to waive any claim that may arise under 11 U.S.C. §503(b) or 507(b) as a result of the requested order. Movant further agrees that any funds realized from any foreclosure sale, in excess of all liens, costs and expenses, will be paid to the Debtor or as otherwise directed by the Court.

18. Movant consents to entry of final orders or judgment by this Court.

WHEREFORE, Movant prays:

1. That the Court grant relief from the automatic stay so that it may commence such actions as are necessary to sell the Subject Property in accordance with Texas Law,

2. For the entry of an *in rem* order rendering the automatic stay inapplicable to the Subject Property for two (2) years, regardless of who owns the Subject Property or files the petition for bankruptcy relief,

3. That, alternatively, the Court find the automatic stay to be inapplicable to the Subject Property as it is not part of the Chapter 7 Estate, and

4. That the Court order such other relief as may be just and proper.

*/s/ Robert P. Wood*

---

Robert P. Wood (VI Bar No. 1002)
Rogers Townsend & Thomas, PC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, US Virgin Islands, 00802
Telephone (Toll-free): (866) 771-7900
Facsimile: (803) 343-7017
Email: robert.wood@rtt-law.com

Dated: June 8, 2017

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION

| | |
|---|---|
| IN RE: <br><br> Diane Celeste Shachove, <br><br> Debtor. | CHAPTER 7 <br> CASE NO.: 3:15-bk-30012-MFW |

CERTIFICATE OF SERVICE: Motion For Relief From Automatic Stay

I, Robert P. Wood, certify under penalty of perjury that I served the above captioned pleading on all parties via electronic notification on June 8, 2017.

*s/ Robert P. Wood*
_____
Robert P. Wood (VI Bar No. 1002)
Rogers Townsend & Thomas, PC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, US Virgin Islands, 00802
Telephone (Toll-free): (866) 771-7900
Facsimile: (803) 343-7017
Email: robert.wood@rtt-law.com

Dated: June 8, 2017