IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION

| | |
|---|---|
| IN RE:<br><br>Diane Celeste Shachove,<br><br><div align="right">Debtor.</div> | CHAPTER 7<br>CASE NO.: 3:15-bk-30012-MFW<br><br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY |

NOW COMES Wells Fargo Bank, NA ("Movant"), by and through its undersigned counsel, and moves this Court, pursuant to 11 U.S.C. §362(d), for relief from or conditioning of, the automatic stay in bankruptcy.  In addition, Movant requests relief pursuant to 11 U.S.C. §362(d)(4) seeking *in rem* relief rendering the automatic stay inapplicable with respect to certain real property of the Debtor having an address of 633 Misty Mountain Drive, Fort Worth, Texas 76140-7533 (the "Subject Property").  In support of the foregoing Motion, Movant would show the Court the following:

1.      This Court has jurisdiction of this proceedings under 28 U.S.C. §157(b)(2)(G).

2.      Debtor filed for relief under Chapter 7 of the U.S. Bankruptcy Code on August 29, 2015.

3.      Movant is the holder of a note (the "Debt Agreement") given by the Yolanda Derringer, which Note is secured by a Deed of Trust on the Subject Property.

4.      Upon information and belief, Debtor is not related to Yolanda Derringer.

5.      As of October 10, 2017, upon information and belief, the Loan is contractually due for the March 1, 2016 installment and the subsequent months thereafter.

6.      A copy of the Note and Deed of Trust are attached as Exhibits "A" and "B".   A copy of the Corporate Assignment of Deed of Trust is attached as Exhibit "C".  The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and

between Wells Fargo Bank, N.A. and the non-filing borrower, Yolanda Derringer, dated August

25, 2014 (the "Loan Modification Agreement") attached as Exhibit "D".

7.      On July 6, 2016, the Subject Property was conveyed via an Assessment Lien

Deed to Misty Mount Land Trust following a homeowner's association lien foreclosure.  A copy

of the Assessment Lien Deed is attached as Exhibit "E".

8.      By Special Warranty Deed dated May 6, 2017 and recorded June 29, 2017, Misty

Mountain Land Trust transferred a five (5%) percent interest in the Subject Property to Debtor,

Diane Celeste Shachove.  A copy of the Special Warranty Deed is attached as Exhibit "F".

There is no evidence to suggest that Debtor Diane Celeste Shachove is a willing participant in

this fraudulent scheme of transfers.  Rather, it appears that Ann Smith, who purports to be the

Trustee of the Misty Mountain Land Trust, is conveying the Subject Property into active

bankruptcy proceedings in order to invoke the automatic stay.  Movant would show unto the

Court that the same Ann Smith acting as Trustee for a different trust conveyed a separate parcel

of property to the Debtor.

9.      The Subject Property was scheduled to be sold pursuant to a Notice of

[Substitute] Trustee's Sale on July 4, 2017.

10.     Movant does not have, and has not been, offered adequate protection for its

security interest in its collateral, and neither Movant nor the Court has consented to the transfer

of the Subject Property to Debtor.

11.     Cause exists for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4)

based on the conveyance described in Paragraph 8.  This conveyance is part of a scheme to

delay, hinder or defraud Movant from exercising its state court rights and remedies against the

Subject Property.

12.     Movant is informed and believes that there is no adequate protection for its mortgage lien and that the automatic stay of §362 of the Bankruptcy Code should be modified as to the Subject Property to allow Movant or its assigns to continue the foreclosure process in accordance with Texas Law.

13.     Movant is informed and believes that Debtor does not have any equity in the Subject Property.

14.     In the alternative, Movant requests the Court issue an order providing that the Subject Property is not part of the Chapter 7 Bankruptcy Estate since the conveyance occurred more than 180 days after the petition date.

15.     FRBP 4001(a)(3) should not apply under these circumstances.

16.     Movant agrees to waive any claim that may arise under 11 U.S.C. §503(b) or 507(b) as a result of the requested order.  Movant further agrees that any funds realized from any foreclosure sale, in excess of all liens, costs and expenses, will be paid to the Debtor or as otherwise directed by the Court.

17.     Movant consents to entry of final orders or judgment by this Court.

WHEREFORE, Movant prays:

1.      That the Court grant relief from the automatic stay so that it may commence such actions as are necessary to sell the Subject Property in accordance with Texas Law,

2.      For the entry of an *in rem* order rendering the automatic stay inapplicable to the Subject Property for two (2) years, regardless of who owns the Subject Property or files the petition for bankruptcy relief,

3.      That, alternatively, the Court find the automatic stay to be inapplicable to the Subject Property as it is not part of the Chapter 7 Estate, and

4.      That the Court order such other relief as may be just and proper.

/s/ Robert P. Wood

_____
Robert P. Wood (VI Bar No. 1002)
Rogers Townsend & Thomas, PC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, US Virgin Islands, 00802
Telephone (Toll-free): (866) 771-7900
Facsimile:  (803) 343-7017
Email:  robert.wood@rtt-law.com

Dated:   October 12, 2017

4

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## BANKRUPTCY DIVISION

IN RE:

Diane Celeste Shachove,

          Debtor.

CHAPTER 7
CASE NO.: 3:15-bk-30012-MFW

<u>CERTIFICATE OF SERVICE: Motion For Relief From Automatic Stay</u>

        I, Robert P. Wood, certify under penalty of perjury that I served the above captioned

pleading, together with a proposed order, on all parties via electronic notification on

_October 12, 2017_____.

                                      /s/ Robert P. Wood

                                      Robert P. Wood (VI Bar No. 1002)
                                      Rogers Townsend & Thomas, PC
                                      Royal Palms Professional Building
                                      9053 Estate Thomas, Suite 101
                                      St. Thomas, US Virgin Islands, 00802
                                      Telephone (Toll-free): (866) 771-7900
                                      Facsimile:  (803) 343-7017
                                      Email:  robert.wood@rtt-law.com

Dated:    October 12, 2017

Exhibit A

ORIGINAL

Loan #: ▓▓▓▓▓▓▓

Multistate

# NOTE

FHA Case No.

▓▓▓▓▓▓▓▓▓▓

December 4, 2009
[Date]

633 MISTY MOUNTAIN DRIVE, FORT WORTH, TX 76140-7533
[Property Address]



### 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
PRIMELENDING, A PLAINSCAPITAL COMPANY

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
One Hundred Thirty Three Thousand Five Hundred Thirty Six And No/100ths ***

Dollars (U.S. $ 133,536.00 *** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of     Five And 250/1000ths
percent (     5.250     %) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
February 1     ,     2010     . Any principal and interest remaining on the first day of     January     ,
2040     , will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at     18111 Preston Rd., Suite 900, Dallas, TX 75252
or at such place as Lender may designate in writing
by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $     737.39 *** . This amount
will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and
other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of
the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of
this Note. [Check applicable box]

☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services




10/95
VMP1R.0809(.00
Page 1 of 3

ORIGINAL

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

(A)  **Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of    **Four And No/1000ths**    percent (    **4.000**    %) of the overdue amount of each payment.

(B)  **Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C)  **Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

FHA Multistate Fixed Rate Note
VMP ®
Wolters Kluwer Financial Services

10/95
VMP1R (0808).00
Page 2 of 3

ORIGINAL

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)           _____ (Seal)
YOLANDA DERRINGER           -Borrower                                        -Borrower

_____ (Seal)           _____ (Seal)
                            -Borrower                                        -Borrower

_____ (Seal)           _____ (Seal)
                            -Borrower                                        -Borrower

_____ (Seal)           _____ (Seal)
                            -Borrower                                        -Borrower

PAY TO THE ORDER OF Wells Fargo Bank, N.A.          WITHOUT RECOURSE
WITHOUT RECOURSE                                    PAY TO THE ORDER OF
PRIMELENDING, A PLAINSCAPITAL COMPANY
By: _____                         WELLS FARGO BANK, N.A.
Printed Name: _____ Brian Everheart               By _____
Title: _____ AVP                              Scott M. Swanson
                                                       Assistant Vice President

FHA Multistate Fixed Rate Note                                          10/95
VMP ®                                                           VMP1R (0809).00
Wolters Kluwer Financial Services                                  Page 3 of 3

Exhibit B

Return To:
PRIMELENDING, A PLAINSCAPITAL COMPANY
Attn: Final Documents
18111 Preston Rd, Suite 900
Dallas, TX 75252

Prepared By:
POLUNSKY & BEITEL, LLP
8000 IH 10 WEST, SUITE 1600
SAN ANTONIO, TX  78230

Loan #: ██████████

State of Texas

─────────── [Space Above This Line For Recording Data] ───────────

# DEED OF TRUST

MIN ████████

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

THIS DEED OF TRUST ("Security Instrument") is made on   December  4,  2009
The Grantor is  YOLANDA DERRINGER,  A SINGLE WOMAN

("Borrower"). The trustee is   ALLAN B. POLUNSKY, 8000 I. H. 10 West, Suite 1600, San Antonio, TX 78230-3892

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"). (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

Wolters Kluwer Financial Services
        FHA Texas Deed of Trust with MERS - 4/96
VMP®-4N(TX) (0704)              Amended 2/98
Page 1 of 8              Initials: YD

PRIMELENDING, A PLAINSCAPITAL COMPANY
("Lender") is organized and existing under the laws of      the State of Texas                      , and
has an address of 18111 Preston Rd., Suite 900, Dallas, TX 75252

                                                           . Borrower owes Lender the principal sum of
One Hundred Thirty Three Thousand Five Hundred Thirty Six And No/100ths
                                                    Dollars (U.S. $          133,536.00 ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on      January 1, 2040
                       . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums,
with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance
of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower
irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located
in                                                                  TARRANT    County, Texas:
BEING LOT 46, IN BLOCK 20, OF DEER CREEK NORTH ADDITION, AN ADDITION TO THE
CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF
RECORDED IN CABINET A, SLIDE NO 11049 OF THE PLAT RECORDS OF TARRANT
COUNTY, TEXAS.

Parcel ID Number:     41074084
which has the address of  633 MISTY MOUNTAIN DRIVE                                         [Street]
FORT WORTH                                       [City], Texas 76140-7533  [Zip Code] ("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this
Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's
successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right
to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or
canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower
warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants
with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    Borrower and Lender covenant and agree as follows:
    UNIFORM COVENANTS.

    **1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and
interest on, the debt evidenced by the Note and late charges due under the Note.

VMP ®-4N(TX) (0704)                          Page 2 of 9                          Initials: _____

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

VMP ®-4N(TX) (0704)                    Page 6 of 9                    Initials: _____



If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public venue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Substitute Trustee.** Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**21. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**22. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| ☐ Condominium Rider | ☐ Growing Equity Rider | ☐ Other [specify] |
| ☒ Planned Unit Development Rider | ☐ Graduated Payment Rider | |

VMP ®-4N(TX) (0704)                              Page 7 of 9                              Initials: [signature]

**24. Purchase Money; Vendor's Lien; Renewal and Extension. [Complete as appropriate]**
The Note secured hereby is primarily secured by the Vendor's Lien retained
in the Deed of even date herewith conveying the Property to Borrower, which
Vendor's Lien has been assigned to Lender, this Deed of Trust being
additional security therefor.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in
any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____        _____ (Seal)
                                        YOLANDA DERRINGER            -Borrower

_____        _____ (Seal)
                                                                     -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                    -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                    -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                    -Borrower

VMP ®-4N(TX) (0704)                      Page 8 of 9

**STATE OF TEXAS**
County of Tarrant

Before me _the undersigned_ on this day personally appeared
YOLANDA DERRINGER

known to me (or proved to me on the oath of ——————
or through _dr. license_ ) to be the person whose name is
subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes
and consideration therein expressed.

Given under my hand and seal of office this _4th_ day of _Dec_, _09_ .

_____
Notary Public

VMP ®-4N(TX) (0704)                    Page 9 of 9                    Initials: _____

# PLANNED UNIT DEVELOPMENT RIDER

Loan #: ▮▮▮▮▮▮▮▮

THIS PLANNED UNIT DEVELOPMENT RIDER is made this ▮▮▮ day of December, 2009 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to PRIMELENDING, A PLAINSCAPITAL COMPANY

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

633 MISTY MOUNTAIN DRIVE
FORT WORTH, TX 76140-7533
[Property Address]

The Property Address is a part of a planned unit development ("PUD") known as DEER CREEK NORTH

[Name of Planned Unit Development]

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. So long as the Owners Association (or equivalent entity holding title to common areas and facilities), acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property located in the PUD, including all improvements now existing or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B. Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C. If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall

FHA PUD Rider-TX
VMP ®
Wolters Kluwer Financial Services  © 2008

Initials: ▮▮▮  VMP589U(TX) (0808).00
Page 1 of 2

become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

   BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower
YOLANDA DERRINGER


_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower


_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower


_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower


FHA PUD Rider-TX
VMP ®
Wolters Kluwer Financial Services  © 2008

Initials: _____        VMP589U(TX) (0806).00
                       Page 2 of 2

SUZANNE HENDERSON

COUNTY CLERK



100 West Weatherford    Fort Worth, TX  76196-0401

PHONE (817) 884-1195

PRIMELENDING
18111 PRESTON RD #900
DALLAS, TX 75252

Submitter:    AMERICAN TITLE CO

## ***DO NOT DESTROY***
## ***WARNING - THIS IS PART OF THE OFFICIAL RECORD.***

| | | | | | |
|---|---|---|---|---|---|
| Filed For Registration: | 12/14/2009 2:48 PM | | | | |
| Instrument #: | D209325077 | | | | |
| | DT | 12 | PGS | | $56.00 |

By: _____

D209325077

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

Prepared by:  DNCLARK

***Send All Notices to Assignee***
RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**1000 BLUE GENTIAN RD**
**MAC X9998-018**
**EAGAN MN 55121**

AND WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**DEFAULT ASSIGNMENT**
**MAC X9998-01P**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-9049**

Electronically Recorded
Official Public Records
Tarrant County Texas

6/14/2013 10:44 AM        **D213153251**

PGS    1      $16.00

Submitter:  INGEO SYSTEMS

*Mary Louise Garcia*
Mary Louise Garcia

Parcel Identifier No:

**ASSIGNMENT OF MORTGAGE**

For Value Received, the undersigned holder of a Mortgage, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PRIMELENDING, A PLAINSCAPITAL COMPANY, ITS SUCCESSORS AND ASSIGNS** (herein "Assignor") whose address is **BOX 2026 FLINT MI 48501 1901 E VOORHEES ST STE C. DANVILLE, IL 61834** , does hereby grant, sell, assign, transfer, and convey, unto **WELLS FARGO BANK, NA** (herein "Assignee"), whose address is **1 HOME CAMPUS , DES MOINES, IA 50328** , a certain Mortgage dated **12/04/2009** and recorded **12/14/2009** , made and executed by **YOLANDA DERRINGER, A SINGLE WOMAN** , to and in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PRIMELENDING, A PLAINSCAPITAL COMPANY, ITS SUCCESSORS AND ASSIGNS** upon the following described property. Such Mortgage having been given to secure payment of **$133536.00** which Mortgage is of record in Book, Volume or Liber No. , at Page , as Document No. **D209325077** , of the Records of **Tarrant** County, State of **TX** , together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

Legal Description:
TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on **06/14/2013** .

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PRIMELENDING, A PLAINSCAPITAL COMPANY, ITS SUCCESSORS AND ASSIGNS**

JASON P. BRUMM, Assistant Secretary

STATE OF MN
COUNTY OF Dakota } s.s.

On **06/14/2013** , before me **ALEXANDER FREDERICK KOCH** , Notary Public, personally appeared **JASON P. BRUMM , Assistant Secretary** personally known to me (or proved to me on the basis of satisfactory evidence), to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

ALEXANDER FREDERICK KOCH
Commission #: 31048008
My Commission Expires: **01/31/2017**

SEAL OF THE STATE
ALEXANDER FREDERICK
KOCH
NOTARY PUBLIC-MINNESOTA
My Commission Expires January 31, 2017

Page 1 of 8

Case 3:15-bk-30012-MFW    Doc 36    Filed 10/12/17    Entered 10/12/17 15:26:23    Desc
Electronically Recorded Document    Page 22 of 43

Official Public Records                     1/5/2015 2:13 PM    **D215001645**

*Mary Louise Garcia*

Mary Louise Garcia

PGS    8    $44.00

Submitter:  XEROX COMMERCIAL
SOLUTIONS

Title: Loan Modification Agreement (DEED OF TRUST)

This Document Prepared By:
**DEMETRIUS LONG**
**WELLS FARGO BANK, N.A.**
**3476 STATEVIEW BLVD, MAC# X7801-03K**
**FORT MILL, SC 29715**
**(800) 416-1472**

When recorded mail to: #:8924301
First American Title
Loss Mitigation Title Services 1079.12
P.O. Box 27670
Santa Ana, CA  92799
RE: DERRINGER - ALTA ENDORSEMEN

Tax/Parcel No. 000410 /4084
_____  [Space Above This Line for Recording Data]
Original Principal Amount: $133,536.00
Unpaid Principal Amount: $124,613.72
New Principal Amount $94,263.55
New Money (Cap): $0.00



## LOAN MODIFICATION AGREEMENT (DEED OF TRUST)
### (Providing for Fixed Rate)

**NOTICE OF CONFIDENTIALITY RIGHTS:**
**IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF**
**THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS**
**FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY**
**NUMBER OR YOUR DRIVERS LICENSE NUMBER.**

This Loan Modification Agreement ("Agreement"), made this **25TH** day of **AUGUST, 2014**, between **YOLANDA  DERRINGER, A SINGLE WOMAN** ("Borrower"), whose address is 633 **MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140** and **WELLS FARGO BANK, N.A.** ("Lender"), whose address is **3476 STATEVIEW BLVD, MAC# X7801-03K,  FORT MILL, SC 29715** amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated

Wells  Fargo  Custom  FHA  HAMP  Loan  Modification  Agreement
07032014_258
First American Mortgage Services                     Page 1

**DECEMBER 4, 2009** and recorded on **DECEMBER 14, 2009** in **INSTRUMENT NO. D209325077, TARRANT COUNTY, TEXAS,** and (2) the Note, in the original principal amount of U.S. **$133,536.00,** bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at **633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140**

the real property described is located in **TARRANT COUNTY, TEXAS** and being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

2. As of, **OCTOBER 1, 2014** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$94,263.55,** consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$0.00** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed. **This Unpaid Principal Balance has been reduced by the contemporaneous HUD Partial Claim amount of $30,350.17. This agreement is conditioned on the proper execution and recording of this HUD Partial Claim.**

3. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.2500%,** from **OCTOBER 1, 2014.** The Borrower promises to make monthly payments of principal and interest of U.S. **$463.72,** beginning on the **1ST** day of **NOVEMBER, 2014,** and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **OCTOBER 1, 2044** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

5. The Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement.

Wells Fargo Custom FHA HAMP Loan Modification Agreement
07032014_258
First American Mortgage Services                                Page 2



6.  The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:

    (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7.  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

8.  Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

9.  If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure

In Witness Whereof, the Lender have executed this Agreement.

WELLS FARGO BANK, N.A.          **Torri Xiong**

By _~Torri Xiong~_          Vice President Loan Documentation   09/23/14

By _____          (print name)          _____
                                     (title)          Date

_____ [Space Below This Line for Acknowledgments] _____

LENDER ACKNOWLEDGMENT

STATE OF __Minnesota__          COUNTY OF __Dakota__

The instrument was acknowledged before me this _____9/23/14_____ by

_____Torri Xiong_____          the

__Vice President Loan Documentation__          of   WELLS   FARGO   BANK,   N.A.,

a __Vice President Loan Documentation__ , on behalf of said company.


_~Brian~_____
Notary Public

[Notary seal:] BRIAN C. WILSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2016

Printed Name: __Brian C. Wilson__

My commission expires: __1/31/2016__

THIS DOCUMENT WAS PREPARED BY:
DEMETRIUS  LONG
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715


Wells   Fargo   Custom   FHA   HAMP   Loan   Modification   Agreement
07032014_258
First American Mortgage Services          Page 4

N.D.

In Witness Whereof, I have executed this Agreement.

Borrower: YOLANDA DERRINGER

Date: 2 Sep 14

Borrower:

Date:

Borrower:

Date:

Borrower:

Date:

_____ [Space Below This Line for Acknowledgments] _____

**BORROWER ACKNOWLEDGMENT**

State of Texas

County of Tarrant

This instrument was acknowledged before me on September 2, 2014 by YOLANDA DERRINGER (name or names of person or persons acknowledging).

Notary Public

Printed Name: Rasheen W. Sinclair

My commission expires: 10/10/2014

RASHEEN W. SINCLAIR
Notary Public, State of Texas
My Commission Expires
October 10, 2017

no.

EXHIBIT A

BORROWER(S):  YOLANDA DERRINGER, A SINGLE WOMAN

LOAN NUMBER:  (scan barcode)

LEGAL DESCRIPTION:

BEING LOT 46, IN BLOCK 20, OF DEER CREEK NORTH ADDITION, AN ADDITION TO THE
CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF
RECORDED IN CABINET A, SLIDE NO 11049 OF THE PLAT RECORDS OF TARRANT COUNTY,
TEXAS. THIS CONVEYANCE IS MADE AND ACCEPTED SUBJECT TO ANY AND ALL VALIDLY
EXISTING RESTRICTIONS, CONDITIONS, COVENANTS, EASEMENTS, AND RIGHT OF WAY,
IF ANY.

ALSO KNOWN AS: 633  MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140

Date: **AUGUST 25, 2014**
Loan Number: **(sean barcode)**
Lender: **WELLS FARGO BANK, N.A.**
Borrower: **YOLANDA DERRINGER**
Property Address: **633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____        _____
Borrower                                                                      Date
**YOLANDA DERRINGER**

_____        _____
Borrower                                                                      Date

_____        _____
Borrower                                                                      Date

_____        _____
Borrower                                                                      Date

_____        _____
Borrower                                                                      Date

_____        _____
Borrower                                                                      Date

Wells Fargo Custom FHA HAMP Loan Modification Agreement
07032014_258
First American Mortgage Services                                    Page 7

Lender: **WELLS FARGO BANK, N.A.**

Loan Number: (scan barcode)
Loan Amount: **$94,263.55**

Borrower: **YOLANDA DERRINGER**
Address: **633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140**

## TEXAS LOAN AGREEMENT NOTICE

Section 26.02(b) of the Texas Business and Commerce Code provides as follows:
      A Loan agreement in which the amount involved in the Loan agreement exceeds $50,000.00 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.

You are hereby notified that:

      The written Loan agreement to which this notice relates to, represents the final agreement between parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreement of the parties.

      There are no unwritten oral agreements between the parties

LENDER: <u>WELLS FARGO BANK, N.A.</u>
By: _____
Date: _____ 9/23/14

**Torri Xiong**
**Vice President Loan Documentation**

_____       _____
Borrower                          Date       Borrower                          Date
**YOLANDA DERRINGER**

_____       _____
Borrower                          Date       Borrower                          Date

_____       _____
Borrower                          Date       Borrower                          Date

First American Mortgage Services

Exhibit E

Page 1 of 5

D216149112   7/6/2016 1:06 PM   PGS 5   Fee: $32.00   Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records   *Mary Louise Garcia*   Mary Louise Garcia

## ASSESSMENT LIEN DEED

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

WHEREAS, on or about February 20, 2007, Risinger Deer Creek, L.P., a Texas limited partnership, as Declarant, executed and filed of record that certain Declaration for Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B (the "Declaration") at Instrument #D207059963, in the Real Property Records, Tarrant County, Texas, wherein a Lien on each property within the Risinger Deer Creek Addition Phase 1A and 1B was created to secure payments to the Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B ("Risinger Deer Creek") of all assessments and costs of collection to become owing by the owner of said property, together with the power of sale vested in Risinger Deer Creek Homeowners Association, Inc.; and

WHEREAS, included among the properties in Risinger Deer Creek on which such Lien exists is:

633 Misty Mountain Drive, Fort Worth, Texas 76140; a/k/a

Lot 46, Block 20, of Deer Creek North Addition, an addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Cabinet A, Slide 11049, of the Plat records of Tarrant County, Texas; (the "Property")

WHEREAS, the present owner of the above-described property is Yolanda Derringer; and

WHEREAS, default has been made in the payment of assessments and costs of collection owing by the owners of said property, and Risinger Deer Creek Addition Phase 1A and 1B, the owners and holders of such indebtedness, have since such default filed of record that certain Notice of Lien against the aforesaid.

WHEREAS, pursuant to the provisions of the Declaration of Risinger Deer Creek Homeowners Association, Inc., acting through its Duly Authorized Agent, proceeded to sell said property at public auction at the courthouse door of Tarrant County, Texas, between the hours of one o'clock p.m. and four o'clock p.m. on Tuesday, July 5, 2016, after having given notice of the time, place and terms of such sale, as prescribed by the terms of the Declaration, and after first posting written notice thereof for at least twenty-one (21) days preceding the day of sale at the courthouse door of said county; and

WHEREAS, at such sale said property was by the undersigned struck off to Misty Mountain Land Trust ("Grantee" herein) for the price and sum of Six Thousand Four Hundred Thirty-Five Dollars and 00/100 ($6,435.00), it being the best and highest bidder for the same, and said sum being the best and highest bid therefor. The address of the Grantee is: P.O. Box 29903, Dallas, Texas 75229;

**Page 2 of 5**

NOW, THEREFORE, know all men by these presents that I, Jack Manning, of Tarrant County, Texas duly authorized agent for and on behalf of Risinger Deer Creek Homeowners Association, Inc., by virtue of the powers granted to said Risinger Deer Creek Homeowners Association, Inc. by said Declaration and in consideration of the foregoing premises and of the sum of Six Thousand Four Hundred Thirty-Five Dollars and 00/100 ($6,435.00), to me cash in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, which said sum of money has been applied according to the directions of said Risinger Deer Creek Homeowners Association, Inc., have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said Grantee of the County of Tarrant, State of Texas.

TO HAVE AND TO HOLD, the said property, together with all and singular, the rights and appurtenances thereto in anywise belonging unto Yolanda Derringer, the owner of said hereinabove described unit, and their heirs and assigns forever. And for and on behalf of the said Yolanda Derringer, pursuant to and in accordance with the terms of the Declaration, and their heirs, executors and administrators, I, Duly Authorized Agent for and on behalf of Risinger Deer Creek Homeowners Association, Inc., do hereby bind that said Yolanda Derringer, and their heirs, executors and administrators to warrant and forever defend, all and singular, said premises, insofar as is authorized by the said Declaration, unto the said Grantee and its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

In accordance with Texas Rule of Civil Procedure 736.12, a conformed copy of the order is attached to this Assessment lien deed as "Exhibit A".

WITNESS MY HAND: July 6, 2016

By: _____
Jack Manning
Duly Authorized Agent

STATE OF TEXAS          §
                        §
COUNTY OF TARRANT       §

This instrument was acknowledged before me on July 6, 2016, by Jack Manning, acting in the capacity stated therein.

_____
Notary Public in and for the State of Texas

CAITLINN ROVINSKY
Notary Public, State of Texas
Comm. Expires 03-01-2020
Notary ID 128902801

Page 3 of 5

348-284189-16

FILED
TARRANT COUNTY
5/18/2016 9:55:13 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-284189-16



IN RE: ORDER FOR FORECLOSURE §            IN THE DISTRICT COURT
CONCERNING:                    §
633 Misty Mountain Drive, Fort Worth, Texas 76140 §
Under Tex. R. Civ. Proc. 736   §
                               §
Risinger Deer Creek Homeowners Association, Inc. §
a/k/a Risinger Deer Creek Addition §
Phase 1A and 1B                §            TARRANT COUNTY, TEXAS
Petitioner                     §
                               §
and                            §
                               §
Yolanda Derringer              §
Respondent                     §            348th JUDICIAL DISTRICT

**FINAL JUDGMENT TO PROCEED WITH**
**NOTICE OF FORECLOSURE SALE AND FORECLOSURE SALE**

Came to be considered the Application of Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B (the "Applicant") for Expedited Foreclosure Proceeding Pursuant to Rule 736 of the Texas Rules of Civil Procedure relative to Yolanda Derringer (the "Respondent"):

A. The Property to Be Foreclosed

Lot 46, Block 20, of Deer Creek North Addition, an addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Cabinet A, Slide 11049, of the Plat records of Tarrant County, Texas;

Which has a mailing address of: 633 Misty Mountain Drive, Fort Worth, Texas 76140.

B. The Name and Last Known Address of Each Respondent Subject to the Order

Yolanda Derringer
633 Misty Mountain Drive
Fort Worth, Texas 76140

Occupant(s)
633 Misty Mountain Drive
Fort Worth, Texas 76140

Court's Minutes _____ 27
Transaction # _____

ON 5-24-16 . ALL SERVED VIA:
— HAND DELIVERY
✓ MAIL Manning, Y. Derringer
WHO IS TO
SERVE COPIES ON ALL OTHERS

E-MAILED
05/25/2016 gm

EXHIBIT
A

Page 4 of 5

348-284189-16

C.  Material Facts Establishing the Basis for Foreclosure and Indexing Information for the Lien

Whereas, a debt exists and is secured by a lien created under the Declaration of Covenants, Conditions and Restrictions for Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B, and evidenced by the filing of a lien by Applicant against Respondent's property on or about December 10, 2015 at Instrument No. D215275694, in the Real Property Records of Tarrant County, Texas.

A default under the Declaration exists by Respondent.  Applicant has given Respondent the requisite notices to cure the default under Section 209.0064 of the Texas Property Code and applicable law.  Applicant has given Respondent the requisite notice of this proceeding pursuant to Rule 736 of the Texas Rules of Civil Procedure.  Respondent, although duly served pursuant to citation issued by the clerk of the court, has failed to file a response.

IT IS ACCORDINGLY ADJUDGED that Applicant, Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B, is authorized to proceed with foreclosure of the Applicant's lien under the Declaration of Covenants, Conditions, and Restrictions for Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B pursuant to Section 209.0092 of the Texas Property Code.  It is further Ordered that Applicant, Risinger Deer Creek Homeowners Association, Inc. a/k/a Risinger Deer Creek Addition Phase 1A and 1B, may communicate with the Respondent and all third parties reasonably necessary to conduct the foreclosure sale of the property, and, if Respondent is represented by legal counsel, notice of the foreclosure sale shall also be mailed to legal counsel by Certified Mail.

IT IS ORDERED that the Plaintiff shall have all writs of execution and other process necessary to enforce this judgement.

SIGNED
On Signed this 30th day of May, 2016

_____
JUDGE PRESIDING

Approved:

_____
Jack Manning
Attorney for Applicant

Page 5 of 5

348-284189-16

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Final Judgment to Proceed with Notice of Foreclosure Sale and Foreclosure Sale has, on this day, been delivered to each and every Respondent in accordance with the Texas Rules of Civil Procedure Rule 21(a).

Signed May 18, 2016

Jack Manning, Attorney for
Risinger Deer Creek Homeowners Association, Inc. a/k/a
Risinger Deer Creek Addition Phase 1A and 1B

MARY LOUISE GARCIA

COUNTY CLERK



100 West Weatherford   Fort Worth, TX  76196-0401

PHONE (817) 884-1195

DIANE CELESTE SHACHOVE
P O BOX 5646
ST THOMAS, VI 00801

Submitter:   MISTY MOUNTAIN LAND

## *DO NOT DESTROY*
## *WARNING - THIS IS PART OF THE OFFICIAL RECORD.*

Filed For Registration:   6/29/2017 2:16 PM
Instrument #:   D217148153
                WD          3        PGS         $20.00

By: *Mary Louise Garcia*

D217148153

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMTION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS; YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

## SPECIAL WARRANTY DEED

STATE OF TEXAS

COUNTY OF TARRANT

I, MISTY MOUNTAIN LAND TRUST, of 633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140 hereinafter called Grantor, in consideration of the sum of $10.00 and other good and valuable consideration paid to Grantor by the Grantee named below, the receipt and sufficiency of which are acknowledged by this instrument, **GRANT, SELL, AND CONVEY 5 (five) percent** of the property unto **DIANE CELESTE SHACHOVE**, of P.O. BOX 5646, ST. THOMAS, VI 00801, hereinafter called Grantee, all of that certain property situated and located in the County of Tarrant, State of Texas, more fully described as follows:

LOT 46, BLOCK 20, OF DEER CREEK NORTH ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 11049, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS., COMMON ADDRESS OF: 633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140

**TO HAVE AND TO HOLD THE ABOVE DESCRIBED PREMISES**, together with all of the rights, hereditary property, ways, and appurtenances belonging or at all appertaining to the premises, to grantee and grantee's heirs, successors, and assigns forever 5 (five) percent of the property. Grantor does by this instrument bind grantor and grantor's heirs, successors, and assigns to warrant and forever defend the title to the property to grantee's heirs, successors, and assigns, against every person lawfully claiming, or to claim the property, or any part of such property, by, through, or under the grantor, but not otherwise.

This conveyance is made subject to the following matters:

1. The lien for current taxes and assessments not in default.

2. Any and all restrictions, covenants, conditions, and easements, if any, relating to the above-described property shown of record in the above-mentioned County and State.

3. All zoning laws, regulations, and ordinances of municipal and/or other governmental authorities, if any, relating to the above-described property.

EXECUTED this ____6th____ day of ____May____, 2017 to be effective May 6, 2017.

BY: _____

MISTY MOUNTAIN LAND TRUST / Ann Smith Trustee, Grantor of
633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140

Page 1 of 2

STATE OF FLORIDA

COUNTY OF BROWARD

This instrument was acknowledged before me Debra Stranger on the 6th day of
_____May_____, 2017, by Ann Smith.

_Debra Stranger_
Notary Public

Prepared By:

MISTY MOUNTAIN LAND TRUST
633 MISTY MOUNTAIN DRIVE
FORT WORTH, TEXAS 76140

> DEBRA STANGER
> NOTARY PUBLIC-STATE OF FLORIDA
> COMMISSION # FF 118812
> My Comm. Expires on May 4, 2018

Stamped or Printed Name of Notary
My Commission Expires: 5/4/18

AFTER RECORDING RETURN TO:

DIANE CELESTE SHACHOVE
P.O. BOX 5646
ST. THOMAS, VI 00801

Page 2 of 2

From: Company Fax   Fax:                                                                                                    7673                                                                        10/12/17 11:33 AM

633 MISTY MOUNTAIN DRIVE
FORT WORTH, TX 76140

0000006136659

## NOTICE OF [SUBSTITUTE] TRUSTEE'S SALE

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

1.   **Date, Time, and Place of Sale.**

    **Date:**   July 04, 2017

    **Time:**   The sale will begin at 10:00AM or not later than three hours after that time.

    **Place**   THE BASE OF THE COURTHOUSE STEPS ON THE EAST SIDE OF THE TARRANT COUNTY COURTHOUSE OR AS DESIGNATED BY THE COUNTY COMMISSIONERS or as designated by the county commissioners.

2.   **Terms of Sale.**  Cash.

3.   **Instrument to be Foreclosed.**  The Instrument to be foreclosed is the Deed of Trust or Contract Lien dated December 04, 2009 and recorded in Document INSTRUMENT NO. D209325077; AS AFFECTED BY INSTRUMENT NO. D215001645 real property records of TARRANT County, Texas, with YOLANDA DERRINGER, grantor(s) and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE, mortgagee.

4.   **Obligations Secured.**  Deed of Trust or Contract Lien executed by YOLANDA DERRINGER, securing the payment of the indebtednesses in the original principal amount of $133,535.00, and obligations therein described including but not limited to the promissory note and all modifications, renewals and extensions of the promissory note.  WELLS FARGO BANK, N.A. is the current mortgagee of the note and Deed of Trust or Contract Lien.

5.   **Property to Be Sold.**  The property to be sold is described in the attached Exhibit A.

6.   **Mortgage Servicer Information.**  The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the Property referenced above. WELLS FARGO BANK, N.A., as Mortgage Servicer, is representing the current mortgagee, whose address is:

c/o WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD
FORT MILL, SC 29715

FELECIA CLARK, DEVIN J. BUCKLAND, TERRY ROSS, ROBERT AGUILAR, BRETT BAUGH, WENDY LAMBERT, AARON PARKER, KENNY SHREY, RICK MONTGOMERY, PHILLIP PIERCEALL, CRAIG MUIRHEAD, CLAY GOLDEN, TROY ROBINETT, MARK BULEZIUK, FREDERICK BRITTON, BRENT GRAVES, DOUG RODGERS OR RICK KIGAR
Substitute Trustee
c/o BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
    4004 Belt Line Road, Suite 100
    Addison, Texas 75001

Certificate of Posting

My name is _____, and my address is c/o 4004 Belt Line Road, Suite 100, Addison, Texas 75001. I declare under penalty of perjury that on _____ I filed in the office of the TARRANT County Clerk and caused to be posted at the TARRANT County courthouse this notice of sale.

Declarants Name: _____
Date: _____

NOS00000006136659

FCTX_NSTS_Sigauge - (03/03/2010) - Ver-45

From: Company Fax          Fax:                          To:          Fax: (972) 386-7873          Page: 2 of 4    9/18/2017 11:23 AM

0000008136659                                                                                          TARRANT

**EXHIBIT "A"**

BEING LOT 46, IN BLOCK 20, OF DEER CREEK NORTH ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF  RECORDED IN CABINET A, SLIDE NO 1:049 OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

NCS00000008136659

PCTX_NSTS_Sig.rpt - (03/08/2016) - Ver-45

MARY LOUISE GARCIA

COUNTY CLERK



100 West Weatherford    Fort Worth, TX  76196-0401

PHONE (817) 884-1195

DIANE CELESTE SHACHOVE
P O BOX 5646
ST THOMAS, VI 00801

Submitter:   MISTY MOUNTAIN LAND

## *DO NOT DESTROY*
## *WARNING - THIS IS PART OF THE OFFICIAL RECORD.*

Filed For Registration:    6/29/2017 2:16 PM
Instrument #:    D217148153
WD          3          PGS          $20.00

By:  _Mary Louise Garcia_

D217148153

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE...OR STRIKE ANY OF THE FOLLOWING INFORMTION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS; YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

## SPECIAL WARRANTY DEED

STATE OF TEXAS

COUNTY OF TARRANT

I, MISTY MOUNTAIN LAND TRUST, of 633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140 hereinafter called Grantor, in consideration of the sum of $10.00 and other good and valuable consideration paid to Grantor by the Grantee named below, the receipt and sufficiency of which are acknowledged by this instrument, GRANT, SELL, AND CONVEY 5 (five) percent of the property unto DIANE CELESTE SHACHOVE., of P.O. BOX 5646, ST. THOMAS, VI 00801, hereinafter called Grantee, all of that certain property situated and located in the County of Tarrant, State of Texas, more fully described as follows:

LOT 46, BLOCK 20, OF DEER CREEK NORTH ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 11049, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS., COMMON ADDRESS OF: 633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140

TO HAVE AND TO HOLD THE ABOVE DESCRIBED PREMISES, together with all of the rights, hereditary property, ways, and appurtenances belonging or at all appertaining to the premises, to grantee and grantee's heirs, successors, and assigns forever 5 (five) percent of the property. Grantor does by this instrument bind grantor and grantor's heirs, successors, and assigns to warrant and forever defend the title to the property to grantee's heirs, successors, and assigns, against every person lawfully claiming, or to claim the property, or any part of such property, by, through, or under the grantor, but not otherwise.

This conveyance is made subject to the following matters:

1. The lien for current taxes and assessments not in default.

2. Any and all restrictions, covenants, conditions, and easements, if any, relating to the above-described property shown of record in the above-mentioned County and State.

3. All zoning laws, regulations, and ordinances of municipal and/or other governmental authorities, if any, relating to the above-described property.

EXECUTED this _____6th_____ day of _____May_____, 2017 to be effective May 6, 2017.

BY: _____

MISTY MOUNTAIN LAND TRUST / Ann Smith Trustee / Grantor of
633 MISTY MOUNTAIN DRIVE, FORT WORTH, TEXAS 76140

Page 1 of 2

STATE OF FLORIDA

COUNTY OF BROWARD

This instrument was acknowledged before me Debra Stranger on the ____ day of
_____May_____, 2017, by Ann Smith.

_____
Notary Public

Prepared By:

MISTY MOUNTAIN LAND TRUST
633 MISTY MOUNTAIN DRIVE
FORT WORTH, TEXAS 76140

```
┌─────────────────────────────────────┐
│        DEBRA  STANGER                │
│ NOTARY PUBLIC-STATE OF FLORIDA       │
│      COMMISSION # FF 118812          │
│   My Comm. Expires on May 4, 2018    │
└─────────────────────────────────────┘
```

_____
Stamped or Printed Name of Notary
My Commission Expires: 5/4/18

AFTER RECORDING RETURN TO:

DIANE CELESTE SHACHOVE
P.O. BOX 5646
ST. THOMAS, VI 00801

Page 2 of 2

From: Company Fax        Fax:                                            1-xxx-xxx-7873        x-9-476x6x0-7534x5

United States Bankruptcy Court
District Court of the Virgin Islands - Bankruptcy Division

### Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 7 of the United States Bankruptcy Code,
entered on 08/29/2015 at 1:16 PM and filed on 08/29/2015.



**Diane Celeste Shachove**
P.O. Box 5646
St. Thomas, VI 00801
SSN / ITIN: xxx-xx-2790

The case was filed by the debtor's attorney:    The bankruptcy trustee is:

**Benjamin A. Currence**                         **Kevin F. D'Amour**
BENJAMIN A. CURRENCE P. C.                       Kevin F. D'Amour, P.C.
P.O. Box 6143                                    5143 Palm Passage
St. Thomas, VI 00804-6143                        Suites 18B & 19B
340 775-3434                                     St. Thomas, VI 00802
                                                 340-774-8188

The case was assigned case number 3:15-bk-30012-MFW to Judge Mary F. Walrath.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the
debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all,
although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other
action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this
case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.vid.uscourts.gov or at the Clerk's Office, Bankruptcy Division, 5500 Veterans Drive, Suite
310, St. Thomas, VI 00802.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important
deadlines.

Glenda L. Lake, Esq.
Clerk, US District Court -
Bankruptcy Division